# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| BRANDON WARD | ) | Case No. 19-159 MAG |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  October 9, 2019 - October 31, 2019  in the parish of  St. Tammany  in the Eastern District of Louisiana, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) | Sexual exploitation of children |
| 18 U.S.C. § 2252(a)(2) | Certain activities relating to material involving the sexual exploit. of minors |
| 18 U.S.C. § 2422(b) | Coercion and enticement |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Richard M. Clark, Jr., FBI
Printed name and title

Sworn to before me and signed in my presence.

Date:  11/01/2019

_____
Judge's signature

City and state:  New Orleans, Louisiana        Hon. Dana M. Douglas, U.S. Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-159 MAG |
| v. | * | SECTION: MAGISTRATE |
| BRANDON WARD | * | |

\* \* \*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard M. Clark, Jr., being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been since September 2015. I am currently assigned to the New Orleans Field Office Violent Crimes Against Children Squad. I have received extensive training in criminal investigations and I have participated in the execution of search warrants, the execution of arrest warrants, and interviews of persons involved in criminal offenses, including, but not limited to, Title 18, United States Code (U.S.C.), Sections 2251, 2252, and 2252A, which criminalize, among other things, the production, possession, receipt, and transmission of visual depictions of the sexual exploitation of children.

## OVERVIEW AND PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of an application for a criminal complaint charging Brandon Ward ("**Ward**"), date of birth July 17, 1987, and social security number XXX-XX-3466, with attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and attempt to knowingly persuade, induce, entice, and coerce a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 2251(a), 2252(a)(2), and 2422(b) have been committed by **Ward**.

## PROBABLE CAUSE

5. Based on my training and experience, I am aware that Kik Messenger (Kik) is a freeware instant messaging mobile application that can be used on iOS and Android operating systems. Kik uses a smartphone's data plan or Wi-Fi to transmit and receive messages, photos, videos, sketches, mobile webpages, and other content after users register a username. Kik is known for its features preserving users' anonymity, such as allowing users to register without providing a telephone number.

2

6. On October 9, 2019, an FBI SA located in Knoxville, Tennessee, was operating in an undercover capacity as an Online Covert Employee, hereinafter referred to as OCE 1, while logged into a chat room within the Kik application known as "#tabo.ophoneandcam." Additionally, an FBI SA located in Rochester, New York, was operating in an undercover capacity as an Online Covert Employee, hereinafter referred to as OCE 2, while logged into the same chat room within the Kik application.

    a. Based on your affiant's training and experience, I am aware that the word "taboo" and its iterations (*e.g.*, "tabo.o") are often used among purveyors of child pornography to indicate an interest in socially forbidden or unacceptable sexual subjects, specifically the sexual exploitation of minors, without explicitly referencing such interest. Consequently, the chat room's name indicates that participants had a sexual interest in taboo subjects and would use their phone or camera to conduct live or recorded encounters with other users with similar interests.

7. While logged into the aforementioned chatroom, OCE 1 and OCE 2 observed Kik user Bwild 777, subsequently identified by Special Agents as **Ward** (as explained below), post 19 links to via mega.nz, an online file storage service. OCE 1 and OCE 2 viewed the contents of the files associated with the links Bwild 777 posted and observed them to contain approximately hundreds of videos depicting pre-pubescent children engaging in sexually explicit activity with adults.

8. Subsequently, OCE 1 and 2 engaged in direct text message conversations over the Kik application with Kik user Bwild 777 (*i.e.*, **Ward**). During the conversations, **Ward** stated he

3

lived in Louisiana and, although he had not recently sexually abused a child, he had located an 8-year-old female in his neighborhood who had a "crush" on him. He stated that he was "working on her." He explained that he was thinking about setting up a hidden camera for her.

9. On October 28, 2019, **Ward** informed OCE 1 via text message that he had been in contact with an 8-year-old blonde female with blue eyes that has a crush on him and that he knew she had previously been sexually active with her 13-year-old brother. Bwild77 further stated that he "likes young girls getting pounded."

10. On October 30, 2019, OCE 2 received text message communications over the Kik application from Kik user Bwild777 (*i.e.*, **Ward**). During the conversation, **Ward** sent several pictures of who he claimed was the 8-year-old female that he previously referred to as having a crush on him. OCE 2 then responded, "She's a real cutie. U play wit her" **Ward** answered, "Trying to. She is peeing in a bottle for me because I have to take a drug test tomorrow." He then stated, "She such a sexy lil girl. She loves me too."

11. On October 31, 2019, **Ward** stated the following in a text message to OCE 2: "Yup I passed the fuck outta my drug test!! I think imam keep my lil tied up with her ankles pulled back behind her ears. I can just milk her every time I have a drug test lol."

12. Additionally, during text-based conversations and Skype calls between OCE 2 and **Ward**, in late October 2019, OCE 2 informed **Ward** via text message that OCE 2 that OCE 2 had access to a 6-year-old female as her babysitter. During the text conversation on October 31, 2019, OCE 2 told **Ward** that OCE 2 was then watching the 6-year-old. **Ward** inquired how long OCE 2 would have custody of the 6 year old. He also asked OCE 2 via text messages, ""Will you make your lil show me her pussy?"

4

13. On October 31, 2019, OCE 2 and **Ward** engaged in a Skype video call, which was audio monitored by your affiant. During the conversation, OCE 2 stated that the previously mentioned purported 6-year-old female was in her bedroom getting changed before joining the video call. OCE 2 then asked what **Ward** would like to see. **Ward** instructed OCE 2 to perform oral sex on the child and then penetrate the child's vagina with her finger.

Identification

14. On October 24, 2019, an administrative subpoena issued to Kik, provided information pertaining to Kik ID Bwild777, provided an IP address log covering the time period that he was in communication with FBI OCEs. The IP log consisted of one IP address, **71.8.24.104**, which was used during each occasion **Ward** logged into Kik.

15. Using an open source database, Central Ops, Special Agents confirmed that IP address 71.8.24.104 was owned by a telecommunications company, Charter Communications, Inc. (which operated under the name Charter Spectrum). Consequently, Charter Spectrum had the ability to choose which customer/location/device(s) to assign the aforementioned IP address.

16. On October 28, 2019, in response to an administrative subpoena, Charter Spectrum provided the following information pertaining to IP address 71.8.24.104:

    a. Subscriber address: 71018 Shady Lake Drive, Covington, Louisiana 70433.

    b. Phone number: (985) 249-1267

    c. Username: melissapenzato@allstate.com

17. On October 31, 2019, your affiant obtained a search warrant, signed by the Honorable Magistrate Judge Dana M. Douglas, of the United States District Court for the Eastern District of Louisiana, for the residence at 71018 Shady Lake Drive, Covington, Louisiana 70433.

18. On the same date, after the search warrant was issued, law enforcement executed the search of the residence.

19. During the execution of the search warrant, Special Agents spoke with one of the residents of the location, R.Z., who resided there with his wife, 13-year-old son, and 8-year-old daughter. He confirmed that **Ward** had been living at the residence during the month of October but had recently moved into a nearby hotel.

20. Subsequently, Special Agents determined that **Ward** was at the Holiday Inn hotel, Room 517, in Covington, Louisiana.

Interaction and Interview

21. While **Ward** was engaged in the Skype call with OCE 2, SAs observed **Ward** walk outside of the hotel. Once **Ward** was outside of the hotel, SAs approached him.

22. While outside the hotel, your affiant observed that **Ward** had chattering teeth, was shivering, and appeared cold. Your affiant asked **Ward** whether he wished to remain outside or go to **Ward's** hotel room. **Ward** stated that he would prefer to go to his hotel room. Agents then accompanied **Ward** to his hotel room.

23. Once in the hotel room, your affiant advised **Ward** of his *Miranda* rights, via the FBI Advice of Rights form, which **Ward** verbally stated he understood and then signed the form. **Ward** then waived those rights and agreed to participate in a voluntary interview with FBI agents.

24. During the interview that followed, **Ward** made multiple statements, including providing the following pertinent information:

   a. He had been heavily involved in child pornography for approximately two years.

6

b. He was a member to many private chatrooms in the Kik application where child pornography was routinely shared.

c. **Ward** estimated he distributed child pornography five times per week for the last two years while using the Kik application.

d. He also admitted to owning approximately 40 gigabytes of cloud-based storage with the Mega application, where he stored child pornography.

e. **Ward** admitted to taking previously discussed pictures of the 8-year-old female and sending them to OCE 2.

f. **Ward** stated that, during the Skype video call with OCE 2, he told OCE 2 to perform oral sex on a female child he knew to be 6 years of age. He also explained that he instructed OCE 2 to penetrate the child vaginally with a finger because penetration is "like the pinnacle" and it "really turns me on." When asked if he understood that the child would have been sexually assaulted on video because he directed the actions to occur, he replied in the affirmative.

25. **Ward** also provided your affiant with consent to search his cell phone, a Motorola G7 Play smartphone, via the signed FBI Consent to Search Computers form. He also provided your affiant consent to assume his online identities within the Mega application.

26. During a subsequent partial review of **Ward's** cell phone and the installed Mega application, your affiant found a large quantity of files containing sexually explicit images and videos of prepubescent females.

27. While speaking with **Ward** in his hotel room, your affiant observed a small digital video camera and a micro SD card placed on a table. **Ward** stated that the camera and SD

7

card were purchased two days ago. When asked if the purpose of the camera was to secretly record his friend's daughter, the previously discussed 8-year-old, **Ward** explained the camera was purchased for a friend.

28. I am aware that it is a violation of the laws of the State of New York for an adult to engage in sexual acts with an individual under the age of thirteen years old. *See, e.g.,* N.Y. Penal Law § 130.96 (McKinney 2006).

29. Based upon the above information, probable cause exists to conclude that **Brandon Ward** engage in the attempted production of child pornography, in violation of Title 18, United States Code, Section 2251(a), distribution of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2), and attempt to knowingly persuade, induce, entice, and coerce a minor to engage in illegal sexual activity, in violation of Title 18, United States Code, Section 2422(b).

I hereby swear that the information contained in this affidavit is true and correct to the best of my knowledge.

Respectfully submitted,

_____
Richard M. Clark, Jr.
Special Agent
Federal Bureau of Investigation

Subscribed to and sworn before me,
this __1st__ day of November, 2019.

_____
HONORABLE DANA M. DOUGLAS
UNITED STATES MAGISTRATE JUDGE