UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-245 |
| v. | * | SECTION: "L" |
| BRANDON WARD | * | |

* * *

## FACTUAL BASIS

The defendant, **BRANDON WARD** (hereinafter, the "defendant" or "**WARD**"), has agreed to plead guilty as charged to the Indictment currently pending against him, charging him with distribution of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2). Should this matter proceed to trial, both the Government and the defendant, **BRANDON WARD**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crimes to which the defendant is pleading guilty. The Government and the defendant further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts, beyond a reasonable doubt, to support the allegations in the Indictment now pending against the defendant:

The Government would show that, at all times mentioned in the Indictment, the defendant, **WARD**, was a resident of the Eastern District of Louisiana and lived in Covington, Louisiana.

The Government would further present competent testimony and evidence that in about October 2019, a special agent with the Federal Bureau of Investigation operating in an undercover capacity (Agent 1) accessed a chat room within an instant messaging mobile application known to be a haven for purveyors of digital files depicting the sexual victimization of children. Typically, the chat room required an individual seeking entry to post a file depicting the sexual victimization of children to gain entrance. On October 9, 2019, an individual utilizing username Bwild 777,

Page 1 of 5

AUSA JG
Defendant
Defense Counsel

subsequently determined to be **WARD**, posted approximately nineteen (19) links to online file storage service accounts that belonged to **WARD** in the chat room. On October 13, 2019, **WARD** posted eight (8) links to a file storage service account in the same chat room. Each link contained hundreds of videos depicting pre-pubescent children engaging in sexually explicit conduct with adults. **WARD** created at least one of the accounts on or about September 29, 2019 (the "September 29 account").

The Government would further establish, through documentary evidence and the testimony of special agents with the FBI, that beginning on or about October 16, 2019, an FBI special agent acting in an undercover capacity (Agent 2), participated in direct communications with **WARD** via Skype, phone call, text message, and social media applications. During their communication, **WARD** told Agent 2 that he had been in contact with an 8-year-old blonde female with blue eyes (Minor 1) who had a crush on him. **WARD** sent non-sexually explicit images that he took of Minor 1, who was subsequently determined to be six years old, to Agent 2. During his conversation with Agent 2, **WARD** referred to Minor 1 as, among other things, "a sexy lil girl" and stated that he had used Minor 1's urine to pass a drug test.

The Government would further present competent testimony and evidence that in about late October 2019, Agent 2, again acting in an undercover capacity, told **WARD** that Agent 2 was going to babysit a six-year-old female. **WARD** inquired how long Agent 2 would have custody of the 6-year-old female and made arrangements to have a video call via Skype with Agent 2 and the 6-year-old female on October 31, 2019. During the call with Agent 2 on October 31, 2019, **WARD**, among other things, instructed Agent 2 to perform oral sex on the child and then penetrate the child's vagina with Agent 2's finger while **WARD** watched.

Page 2 of 5

AUSA JG
Defendant
Defense Counsel

The Government would further establish, through documentary evidence and the testimony of special agents with the FBI, that **WARD** created, maintained, and shared links to accounts on online file storage services and that each account contained a significant volume of files depicting the sexual exploitation of children. Special Agent Richard Clark, Jr. would testify that on or about October 31, 2019, he reviewed the contents of **WARD's** September 29 account, and that it contained a total of approximately 151 files. Each file contained a video depicting the sexual victimization of children. The 151 videos collectively used approximately 24.19 GB of space. The Government would further establish that between approximately September 29, 2019, and October 31, 2019, **WARD** uploaded at least 47,000 files to the September 29 account.

The Government would further establish, through the introduction of forensic evidence, the testimony of medical professionals and law enforcement officers, and supporting documentation that some of the child victims depicted in the images and videos contained in the **WARD's** online file storage accounts, including the September 29 account, were of real, identifiable victims, less than eighteen (18) years old, including children as young as less than one year old at the time the child pornography was created. The testimony would further establish that the videos and images of the child victims depicted them engaging in "sexually explicit conduct," as defined in Title 18, United States Code, Section 2256. Among the files **WARD** downloaded, stored, and distributed were some that portrayed "sadistic or masochistic conduct or other depictions of violence." Specifically, one file with the title "2017-07-03 08.28.21.21," contained a compilation video approximately five minutes and fifty-two seconds long depicting the sexual victimization of multiple children, including an adult male having vaginal sex with a pre-pubescent

AUSA _JG_
Defendant
Defense Counsel

female less than one-year-old until he ejaculates. All of the images depicting the sexual victimization of children possessed by the defendant would be introduced through the testimony of Special Agents with the FBI

Further, the Government would present evidence that would establish that the images of child pornography **WARD** distributed had been transported in interstate commerce via computer. The Government would also establish, through testimony and documentary evidence, that the equipment used by the defendant to acquire the child pornography was transported in interstate or foreign commerce.

The Government would further present competent testimony and evidence, including the testimony of Special Agent Clark, that on about October 31, 2019, **WARD** voluntarily spoke with FBI agents and acknowledged, among other things, that he had distributed depictions of children being sexually victimized approximately five times per week via social media applications, that he possessed approximately forty (40) gigabytes of cloud-based storage in which he kept depictions of child pornography, that he had taken the non-sexually explicit images of the minor female described above, and that he had instructed Agent 2 to perform oral sex on a minor female which he watched via Skype.

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, the Special Agents and forensic examiners from the FBI, other witnesses, documents and electronic devices in the possession of the FBI, and statements made by the defendant, **BRANDON WARD**.

## Limited Nature of Factual Basis

This proffer of evidence is not intended to constitute a complete statement of all facts known by **DEFENDANT** and the Government. Rather, it is a minimum statement of facts

Page 4 of 5

AUSA JG
Defendant
Defense Counsel

intended to prove the necessary factual predicate for his guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offense by **DEFENDANT**.

**APPROVED AND ACCEPTED:**

_____     _____
BRANDON WARD                                                Date
Defendant

_____     12/2/20
JERROD THOMPSON-HICKS                                   Date
(Louisiana Bar No. 32129)
Attorney for Defendant Ward

_____     12-15-20
JORDAN GINSBERG                                             Date
(Illinois Bar. No. 6282956)
Assistant United States Attorney