Case 2:19-cr-00245-EEF-DMD Document 61 Filed 10/04/21 Page 1 of 6
AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Louisiana

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| BRANDON WARD | ) | Case Number: 19-245 L (3) |
| | ) | USM Number: 38025-034 |
| | ) | JERROD THOMPSON-HICKS |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) ONE (1) of the Indictment on December 17, 2020

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Distribution of Child Pornography | | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**COURT REPORTER:** KAREN IBOS

**ASST. U. S. ATTORNEY:** JORDAN GINSBERG

**PROBATION OFFICER:** RENEE WILLIAMS

SEPTEMBER 30, 2021
Date of Imposition of Judgment

_Signature of Judge_

Eldon E. Fallon, United States District Judge
Name and Title of Judge

OCTOBER 4, 2021
Date

Judgment—Page 2 of 6

DEFENDANT: BRANDON WARD
CASE NUMBER: 19-245 L (3)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

TWO HUNDRED FORTY (240) MONTHS.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 2:19-cr-00245-EEF-DMD   Document 61   Filed 10/04/21   Page 3 of 6
AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: BRANDON WARD
CASE NUMBER: 19-245 L (3)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

FIVE (5) YEARS.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: BRANDON WARD
CASE NUMBER: 19-245 L (3)

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall pay any fine/restitution/CJA fee that is imposed by this judgment.

The defendant shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of supervision may exist; failure to submit to a search may be grounds for revocation; the defendant shall warn any other resident(s) that the premises may be subject to searches pursuant to this condition.

The defendant shall not possess or use for any purpose, a computer, or television, or other instruments of communication equipped with on-line, Internet or World Wide Web access, or access computers or other forms of wireless communication via third parties.

The defendant shall participate in an approved sex offender treatment program, to include psychological testing and/or a polygraph examination (or similar device), as directed by the United States Probation Officer, and abide by all supplemental conditions of sex offender treatment, to include, but not limited to signed releases of information. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment. Sex offender assessments and treatment shall be conducted by therapists and examiners approved by the United States Probation Office. Any results of a polygraph examination (or the like) would not be used for the purpose of revocation of Supervised Release. The results will be reported by the United States Probation Office to appropriate treatment personnel. If disclosure is required by mandatory reporting child abuse or child sexual abuse laws, the results will be reported to appropriate law enforcement and related agencies with the approval of the Court. If the results reveal possible new criminal behavior, this will be reported to the appropriate law enforcement and related agencies after obtaining approval from the Court.

The defendant shall comply with all federal, state and local sex offender laws, as outlined by the United States Probation Officer.

The defendant shall allow the United States Probation Office to conduct periodic unannounced examination of his computer equipment, which may include retrieval and copying of all data from his computer and any internal and external peripherals to ensure compliance with the conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection. The defendant shall also consent, at the direction of the United States Probation Officer, to having installed on his computer, at his expense, any hardware or software to monitor computer use.

The defendant shall not have any contact with any child under the age of 18, without the prior approval of the United States Probation Office. If approved, the defendant must be accompanied by a responsible adult who is aware of his conviction and supervision status, and who has been approved in advance by the United States Probation Office. Contact includes, but is not limited to: physical contact, verbal communication, and/or electronic communication such as e-mail. Contact also includes congregating and/or loitering around school yards, playgrounds, swimming pools, arcades, zoos or other places frequented by children under the age of 18. Incidental contact in normal daily commercial life such as, but not limited to, making purchases or merchandise at a retail establishment, is permissible.

The defendant shall not seek or maintain employment, volunteer, or participate in any program and/or activity allowing contact with children under the age of 18.

The defendant shall not purchase, possess, use or control cameras, camcorders, movie cameras, etc. without the approval of the United States Probation Officer.

The defendant shall not date or cohabitate with anyone who has children under the age of 18.

The defendant shall obtain residences as approved by the United States Probation Officer. The defendant shall notify the United States Probation Officer of any locations where mail or like matter is received. The defendant shall not obtain a new mailing address, post office box or the facility of any private business for the delivery and receipt of like matter without the approval of the United States Probation Officer.

The defendant shall not associate with any group, club, individual, or organization, formal or informal, which supports and/or encourages the sexual exploitation of children.

DEFENDANT: BRANDON WARD
CASE NUMBER: 19-245 L (3)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ TBD |

☒ The determination of restitution is deferred until 12/16/2021. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 6 of 6

DEFENDANT: BRANDON WARD
CASE NUMBER: 19-245 L (3)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____, or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D,   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
THE SPECIAL ASSESSMENT ORDERED IS DUE IMMEDIATELY.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
Consistent with the terms as agreed upon in the Plea Agreement.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.